UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLIE ANTHONY,

    Plaintiff,

v.

UNITED AIRLINES, INC.,

    Defendant.

_____/

Case No. 2:23-cv-12860

HONORABLE STEPHEN J. MURPHY, III

**ORDER TRANSFERRING CASE TO THE EASTERN DISTRICT
OF VIRGINIA AND DENYING MOTION TO DISMISS [4] AS MOOT**

Plaintiff Leslie Anthony sued Defendant United Airlines and alleged multiple violations of her civil rights. ECF 1. Defendant moved to dismiss the complaint for lack of personal jurisdiction or, alternatively, transfer the case to the Eastern District of Virginia. ECF 4. Plaintiff agreed. ECF 7, PgID 52–53 (noting that Plaintiff agreed to transfer the case to the "appropriate venue as determined by th[e] Court's review of the rules, law, and facts"). The Court will therefore transfer the case to the Eastern District of Virginia and deny the pending motion to dismiss or transfer as moot.

**BACKGROUND**

Plaintiff resides in Canton, Michigan. ECF 1, PgID 2. Defendant is a Delaware corporation that has its principal place of business in Chicago, Illinois. ECF 4-1, PgID 46. Defendant does not have a hub in Michigan. *Id.* at 47.

Plaintiff began working as a flight attendant for Defendant in July 2022. ECF 1, PgID 3. She worked at Washington-Dulles National Airport in Virginia. ECF 4,

1

PgID 29; ECF 4-1, PgID 47. Plaintiff claimed that she complained to her supervisor Sabrina Yoon about the behavior of one of Defendant's employees on January 25, 2023. ECF 4, PgID 29. Defendant, through Sabrina Yoon, terminated Plaintiff's employment on January 29, 2023. ECF 1, PgID 3–4. According to Plaintiff, Defendant terminated her employment because of her race. *Id.* at 4. Other African-American employees allegedly "experienced similar discrimination at the hands of Defendant's employees or agents." *Id.*

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). *Id.* at 4. After the EEOC granted Plaintiff a right to sue, Plaintiff filed the present complaint. *Id.* at 5. In Count I, Plaintiff alleged retaliation under 42 U.S.C. § 1981 because Defendant terminated her employment for racially discriminatory reasons. *Id.* at 5–6. In Count II, Plaintiff alleged racial discrimination under 42 U.S.C. § 1981. *Id.* at 7. In Count III, Plaintiff alleged racial discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000, *et seq. Id.* at 8–9. In Count IV, Plaintiff alleged racial discrimination under the Michigan Elliot-Larsen Civil Rights Act (ELCRA). *Id.* at 10. In Count V, Plaintiff alleged retaliation in violation of Title VII. *Id.* at 12. In Count VI, Plaintiff alleged retaliation in violation of ELCRA. *Id.* at 13. In Count VII, Plaintiff alleged age discrimination under the Age Discrimination in Employment Act (ADEA). *Id.* at 14. And in Count VIII, Plaintiff alleged age discrimination under ELCRA. *Id.* at 15. Plaintiff alleged that "[a]ll relevant actions giving rise to this complaint took place in Wayne County in the State of Michigan." *Id.* at 3.

## LEGAL STANDARD

"[A] Rule 12(b)(3) motion to dismiss for improper venue is [] the procedural vehicle by which to challenge improper venue." *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 538 (6th Cir. 2002). "When a court considers a motion under Rule 12(b)(3), it must draw all favorable inferences in favor of the plaintiff, and the plaintiff bears the burden of demonstrating venue is proper." *Flagstar Bank, FSB v. Estrella*, No. 13-cv-13973, 2013 WL 6631545, at *1 (E.D. Mich. Dec. 17, 2013) (citation omitted). "The court, however, retains discretionary authority to transfer an action under 28 U.S.C. § 1404(a)." *Id.*

Under 28 U.S.C. § 1404, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A standard request for transfer pursuant to § 1404(a) requires the Court to undertake a balancing test to decide whether the interests of justice would be better served by a transfer to a different forum.

## DISCUSSION

The Court will begin by discussing whether venue is proper in the Eastern District of Michigan for each of the claims in the complaint. Then, the Court will explain why the case must be transferred to the Eastern District of Virginia.

3

I. <u>Title VII Claims (Counts III and V)</u>

The Eastern District of Michigan is not the proper venue for Plaintiff's Title VII claims. Under Title VII, venue is proper in any judicial district in which (1) "the unlawful employment practice is alleged to have been committed"; (2) "the employment records relevant to such practice are maintained and administered"; or (3) "the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). But "if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." *Id.* Here, the Eastern District of Michigan is the improper venue for Plaintiff's Title VII claims under any of the four possible venues.

First, venue is proper "in any judicial district in a state in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e-5(f)(3). Put another way, venue exists only where "the unlawful employment practice is alleged to have been committed, regardless of where its effects are felt." *Meng Huang v. Ohio State Univ. & Giorgio Rizzoni*, No. 18-12727, 2019 WL 2120968, at *3 (E.D. Mich. May 14, 2019) (quotation marks and quotation omitted). Here, Plaintiff worked at Dulles Airport in Virginia. ECF 4, PgID 29; ECF 4-1, PgID 47. She was fired in Virginia, and the records related to her employment are based in Virginia. ECF 1, PgID 3; ECF 4-1, PgID 47. And Plaintiff presented no evidence to suggest her allegedly unlawful termination occurred in Michigan. *See* ECF 1; *see Flagstar*, 2013

4

WL 6631545, at *1 (Plaintiff has burden to prove venue is proper). Thus, under the first possibility, venue is improper in the Eastern District of Michigan.

Second, venue is appropriate in the State "in which the employment records relevant to such practice are maintained and administered." 42 U.S.C. § 2000e-5(f)(3). Again, because Plaintiff worked in Virginia, the employment records related to her employment are maintained in Virginia. ECF 4, PgID 29; ECF 4-1, PgID 47. The second possible venue is also improper in the Eastern District of Michigan.

Third, venue is appropriate in the State in "which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). As noted, until the time of her termination, Plaintiff worked at Dulles Airport in Virginia. ECF 4, PgID 29. Had she not been fired, she would have continued to work in Virginia. Venue is also improper in the Eastern District of Michigan under the third possibility.

Last, venue is appropriate "within the judicial district in which the respondent has his principal office." 42 U.S.C. § 2000e-5(f)(3). Defendant's principal place of business is in Chicago, Illinois. ECF 4-1, PgID 46. Thus, venue is improper for Plaintiff's Title VII claims in the Eastern District of Michigan under each possible venue. Venue is therefore improper in the Eastern District of Michigan.

II. ADEA and Section 1981 Claims (Counts I, II, and VII)

The Eastern District of Michigan is also not the proper venue for Plaintiff's ADEA or § 1981 claims. 28 U.S.C. § 1391(b) provides that venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the

5

State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the [C]ourt's personal jurisdiction with respect to such action." Here, venue is improper in the Eastern District of Michigan under all three options as to both Plaintiff's ADEA claims and her § 1981 claims.

First, Defendant resides in Delaware and Illinois. Second, as discussed, the events "giving rise to the claim occurred" in the Eastern District of Virginia, not Michigan. *See* ECF 1, PgID 3; ECF 4-1, PgID 47. Last, the third option provides that "if there is no district in which an action may otherwise be brought as provided in this section," venue is nonetheless proper in "any judicial district in which [] [D]efendant is subject to the [C]ourt's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). But venue is proper in the Eastern District of Virginia. Thus, the third option does not apply.

III. Transfer

As noted above, the Eastern District of Michigan is not the proper venue for Plaintiff's Title VII claims, ADEA claims, or § 1981 claims. And if venue is improper, "the case must be dismissed or transferred under § 1406(a)." *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 56 (2013). 28 U.S.C. § 1406(a) provides that the Court may, "in the interest of justice, transfer such case to any district or division in which it could have been brought." *See also* 28 U.S.C. § 1404(a) (providing that "a

6

district court may transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses, and in the interest of justice"). "Courts have broad discretion to transfer an action pursuant to section 1404 to avoid unnecessary delay and to protect parties, witnesses, and the public from undue expenses and inconvenience." *Flagstar*, 2013 WL 6631545, at *1 (citations omitted). Here, because the events giving rise to the complaint occurred in the Eastern District of Virginia, because Plaintiff agreed to transfer the case, and because Plaintiff failed to carry her burden of showing that venue is proper elsewhere, the Court finds that it is in the interests of the parties and the interest of justice to transfer the case to the Eastern District of Virginia. The Court will therefore order the Clerk of the Court to transfer the case to the Eastern District of Virginia.

**WHEREFORE**, it is hereby **ORDERED** that the Clerk of the Court must **TRANSFER** the case to the **Eastern District of Virginia**.

**IT IS FURTHER ORDERED** that the motion to dismiss or transfer [4] is **DENIED AS MOOT**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: March 27, 2024